IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )  Civil Action No. 05-482 |
| | ) |
| PENNSYLVANIA CULINARY INSTITUTE, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Plaintiff, a student formerly enrolled at the Defendant School, filed suit against the School after she had to prematurely end her studies. Because the Complaint is devoid of any intelligible claim, the Motion to Dismiss is granted. The Complaint is dismissed, without prejudice to file an Amended Complaint curing the deficiencies noted herein.

### OPINION

Elizabeth Johnson ("Johnson"), acting *pro* se, filed a Complaint against Defendant Pennsylvania Culinary Institute ("the School"). The Complaint, handwritten, is somewhat difficult to decipher and understand. Nevertheless, it

1

appears that Johnson enrolled at the School, filled out forms for financial aid and attended classes for a period of time. With approximately four months to go before completing her studies, the School evidently informed her that she needed a co-signor on her financial aid applications. Because Johnson was unable to secure a co-signor, she could not continue her studies.

The School has filed a Motion to Dismiss or, in the alternative, a Motion for More Definite Statement. See Docket No. 5). The School argues that Johnson "[d]id not include numbered paragraphs, allege any jurisdictional facts, plead any counts, reference a single statute, plead a single essential element, or allege any facts that would support a cause of action." See Docket No. 6, p. 1. The School adds that, "[m]oreover, because the alleged wrongful conduct - merely informing [Johnson] that her lender required a co-signor - can never support a cause of action against [the School], this case must be dismissed with prejudice." Id.

As a *pro se* litigant, I decline to hold Johnson to the same standards as I would attorneys. Thus, the lack of numbered paragraphs, of clearly defined counts, or of citation to statutes, are not fatal to her claim(s). However, I agree with the School that Johnson's Complaint must be dismissed as she has not alleged any facts that would support a cause of action.

### STANDARD OF REVIEW

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir.

2

1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

## ANALYSIS

I agree with the School that it is difficult, if not impossible, to glean from the Complaint the precise claim(s) which Johnson asserts. The Civil Cover Sheet indicates that Johnson's claim rests upon "federal question jurisdiction" and arises under "other civil rights." As such, I presume that she is not alleging any type of claim

3

under Title VII.[1]

A "civil rights" claim would likely arise under 42 U.S.C. §§ 1981, 1983, 1985(3) and / or 1986. Because the School is not alleged to be a "state actor" or otherwise alleged to have been "acting under color of state law," Johnson cannot maintain a claim under § 1983. See Gonzalez v. Feiner, 130 Fed. Appx. 590, 593-94 (3d Cir. 2005) (dismissing a § 1983 claim against private actors). Further, because Johnson has not alleged that the School conspired with anyone to deprive her of her civil rights, she cannot pursue a claim under § 1985(3). See Kasarda v. Kattner, 2005 WL 13227654 at * 4 (M.D. Pa. June 2, 2005) (stating that, to state a claim under § 1985(3), "a plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."), citing, United Brotherhood of Carpenters and Joiners of Am. v. Scott, 463 U.S. 825, 828-29 (1983)). Finally, because Johnson does not appear to be asserting a claim under § 1985(3), she cannot maintain a claim under § 1986. See Korn v. Lacey Tp., 78 Fed. Appx. 199, 208 (3d Cir. 2003) (dismissing a claim under § 1986 where there was no cognizable § 1985(3) claim).

Presumably, Johnson intends to assert a claim under 42 U.S.C. § 1981. Yet

---

[1] Such claims would not be appropriate in any context because Title VII does not extend to non-employee students such as Johnson. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (affirming the district court's dismissal of a Title VII claim brought by a student against a college and its administrators).

Johnson does not identify herself in the Complaint as a member of a protected class. This is fatal to her claim. See Brown v. Phillip Morris, Inc., 250 F.3d 789, 796-98 (3d Cir. 2001) (stating that, to establish a claim under § 1981(a), a plaintiff must show a membership in a protected class and interference with contractual rights motivated by a discriminatory animus). Nor does she allege that the School took any action against her based upon a discriminatory animus. Id. Finally, it is unclear how the School, who presumably just communicated to her that the financial institution providing the loan required a co-signor, violated the law.

It could be, perhaps, that Johnson's claim is premised upon something other than the financial aid issue. In her "Response" to the Motion to Dismiss, Johnson alleges that the School "unjustly signed [her] name on documents," failed to meet her physical and psychological needs, spoke of her origin and race, called her "stupid" and treated her disrespectfully. Yet because these allegations are not set forth in the Complaint, it is unclear whether Johnson seeks redress based upon these allegations or even under what theory she would seek redress.

Consequently, because the Complaint is bereft of any facts which could give rise to a meritorious claim, the Complaint must be dismissed. As Johnson is acting *pro se*, however, the dismissal is without prejudice to file an Amended Complaint within 10 days of the date of the accompanying Order, provided that such Amended Complaint cures the deficiencies noted herein.

*  *  *  *  *  *  *  *  *  *  *  *  *  *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| -vs- | ) |
| | )   Civil Action No. 05-482 |
| PENNSYLVANIA CULINARY INSTITUTE, | ) |
| | ) |
|     Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **21st** day of July, 2005, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Defendant's Motion to Dismiss, or in the alternative, for a More Definite Statement (Docket No. 5) is GRANTED. The Complaint is dismissed, however, without prejudice to file an Amended Complaint within ten (10) days of the date of this Order, curing the deficiencies noted in the Opinion.

BY THE COURT:

S/Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge