IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH JOHNSON,<br><br>        Plaintiff,<br>-vs-<br><br>PENNSYLVANIA CULINARY INSTITUTE,<br><br>        Defendant. | Civil Action No. 05-482 |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Plaintiff, a student formerly enrolled at the Defendant School, filed suit against the School after she had to prematurely end her studies. The School has filed a Motion to Dismiss the Amended Complaint. I agree with the School that Plaintiff has again failed to state a claim upon which relief can be granted. As such, I will grant the Motion to Dismiss.

### OPINION

Elizabeth Johnson ("Johnson") attended the Defendant Pennsylvania Culinary Institute ("the School") for a period of time. She alleges that, on or about November 14, 2004, she was "thrown out" of the School. See Amended Complaint, Docket No.

1

15, ¶ 5.[1] She sets forth what appears to be three claims, albeit in an unusual fashion. In Count I, she asserts a claim based upon the loss of "her statutory right to an education" and a violation of the right of "the equal protection of the laws." In Count II, she seeks redress for the intentional infliction of mental distress. Finally, in "Counts III, IV, V," she references § 1985(3). Johnson also includes a section entitled "Class Action Allegations." It is unclear whether the class action allegations are intended to apply to the other counts or actually set forth a separate claim.

The School has filed a Motion to Dismiss or in the alternative, Motion for a More Definite Statement. See Docket No. 16. The School contends that Johnson's Amended Complaint fails to remedy the procedural and factual defects of her original Complaint. For the reasons set forth below, I agree. The Motion to Dismiss is granted.

## STANDARD OF REVIEW

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient

[1] I note that Johnson's Amended Complaint is not, as I read it, an attempt to provide more information to the claims set forth in the original Complaint. Rather, it appears as though the Amended Complaint sets forth entirely new claims.

facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

## ANALYSIS

In Count I, Johnson references equal protection violations and a denial of her "statutory right" to an education. The School contends that Johnson's equal protection claim must fail because she has not alleged that she was treated unfairly as compared to other similarly situated individuals. I agree that Johnson cannot maintain her equal protection claim. She has neither alleged that she is a member of a protected class nor that she received different treatment than that received by other similarly-situated individuals. See Oliveira v. Township of Irvington, 41 Fed. Appx. 555 (3d Cir. 2002) (citations omitted).

3

As to the "right" to an education, the School District is correct in that Johnson fails to identify which statute grants her such a right. Further, it is well-established that the right to an education is not constitutionally protected. See Angstadt v. Midd West School Dist., 377 F.3d 338, 343 (3d Cir. 2004), citing, San Antonio Indep. School Dist. v. Rodriguez, 411 U.S. 1, 35 (1997). As research did not disclose any statute granting Johnson a right to a post-secondary education, the Motion to Dismiss shall be granted in this regard.

In Count II, Johnson asserts a claim for intentional infliction of emotional distress. As the School represents, only cases that present "the most egregious conduct" will support such a claim. See Hay v. Angelone, 720 A.2d 745, 754 (1998). Here, Johnson has alleged only that a security guard apparently escorted her out of the building. See Amended Complaint, ¶ 5. Johnson makes clear that she was not "strip searched," nor apparently was she arrested or otherwise detained. Id., ¶ 7. Escorting someone from a building in the context described in the Amended Complaint does not rise to the level of egregious or outrageous conduct and thus cannot support a claim for intentional infliction of emotional distress.

Count III is entitled "Class Action Allegations." As mentioned above, it is unclear whether Count III is intended to set forth a separate claim for relief which Johnson intends to pursue as class representative. The parenthetical inserted immediately preceding "Count III" suggests that it is so intended. The parenthetical reads as follows:

Form F2.01-4
(Complaint for declaratory judgment and injunctive relief -

>claim that state statutes authorizing state agency to deny financial assistance to certain students were unconstitutional - class action 1.)

See Amended Complaint, p. 2. Research did not disclose, nor has Johnson identified, what particular state statute(s) is at issue here. As such, her claim must be dismissed. Even had she identified the statute, however, the claim would be dismissed because, as the School asserts, Johnson has failed to comply with the dictates of Rule 23 of the Rules of Civil Procedure. Rule 23 governs class actions. To satisfy Rule 23, Johnson must identify the members of the putative class, as well as allege that the class is so numerous as to make joinder of all members impracticable. She must allege that there are questions of law or fact common to the class and that her claims or defenses are typical of those of the class. She must also allege that she will fairly and adequately represent the interests of the class. See F.R. Civ. P. 23. Her failure to include such allegations is fatal to her claim.[2]

The Amended Complaint does contain "Count IV" - entitled "Factual Allegations." Yet, as it does not appear to set forth a separate cause of action, I need not dwell upon it.

Finally, in what is styled as "Pleading Counts III IV and V," Johnson references 42 U.S.C. § 1985(3). As I stated in my earlier Opinion and Order, to establish a claim under § 1985(3), Johnson must allege "(1) a conspiracy; (2) motivated by racial animus designed to deprive, directly or indirectly, any person or class of persons to the

---

[2] I note that I am dismissing the claim only because Johnson has not made the allegations required by Rule 23, not that she cannot satisfy, in a substantive sense, those requirements.

5

equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." <u>Reed v. Springfield Police Dept.</u>, Civ. No. 3-6539, 2004 WL 2612072 at * 3 (E.D. Pa. Oct. 21, 2004), <u>citing</u>, <u>Lake v. Arnold</u>, 112 F.3d 682, 685 (3d Cir. 1997). Yet, as before, Johnson has not identified herself as a member of a particular class of persons, she has not alleged any racial or class-based discrimination behind the conspiracy, nor has she alleged that more than one conspirator existed. Consequently, her claim fails.[3]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

[3] While the School also seeks the dismissal of any claim of false imprisonment, I think that the School's reading of the Amended Complaint is overly generous. I do not see such a claim raised in the Amended Complaint. As such, the Motion to Dismiss in this regard is moot.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| -vs- | ) |
| | ) Civil Action No.  05-482 |
| | ) |
| PENNSYLVANIA CULINARY INSTITUTE, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **21st** day of September, 2005, after careful consideration, and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that the Motion to Dismiss (Docket No. 16) is GRANTED.  The claims set forth in the Amended Complaint are dismissed.  As such, the case shall be marked "Closed."

BY THE COURT:

/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge